FILED
CLERK, U.S. DISTRICT COURT
4/24/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___TV___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>KEVIN SHENG HSIANG FANG,<br>  aka "Kevin Fang,"<br>  dba "Yong Chang Trading Co., Ltd.,"<br>  dba "Heng Xing Foods, Inc.,"<br><br>        Defendant. | CR No. 2:23-cr-00195-PA<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 545: Importing Merchandise Contrary to Law; 21 U.S.C. §§ 331(a), 333(a)(1): Introducing Adulterated Food Into Interstate Commerce; 18 U.S.C. § 2(b): Causing an Act To Be Done; 18 U.S.C. §§ 545, 982, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The United States Attorney charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

A.  THE DEFENDANT

1.  Defendant KEVIN SHENG HSIANG FANG, also known as ("aka") "Kevin Fang," imported shipments of Chinese roasted eel as a food wholesaler and did business as "Yong Chang Trading Co., Ltd."

2. Defendant FANG worked as a manager at a company called Heng Xing Foods, Inc., a business entity that imported shipments of Chinese roasted eel as a food wholesaler.

3. These Introductory Allegations are incorporated into each count of this Information.

COUNT ONE

[18 U.S.C. §§ 545, 2(b)]

On or about October 16, 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendant KEVIN SHENG HSIANG FANG, also known as ("aka") "Kevin Fang," doing business as ("dba") "Yong Chang Trading Co., Ltd.," dba "Heng Xing Foods, Inc.," knowingly and fraudulently imported and brought, and willfully caused to be imported and brought, merchandise, namely, Chinese roasted eel adulterated with Gentian Violet and Leucogentian Violet, new unsafe animal drugs, into the United States, contrary to law, specifically, in violation of Title 21, United States Code, Sections 331(a), 333(a)(1), 342(a)(2)(C)(ii), and 360b(a).

COUNT TWO

[21 U.S.C. §§ 331(a), 333(a)(1), 342(a)(2)(C)(ii), 360b(a); 18 U.S.C. § 2(b)]

On or about November 26, 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendant KEVIN SHENG HSIANG FANG, also known as ("aka") "Kevin Fang," doing business as ("dba") "Yong Chang Trading Co., Ltd.," dba "Heng Xing Foods, Inc.," introduced, and willfully caused the introduction into interstate commerce, a food, namely, Chinese roasted eel, which was adulterated within the meaning of Title 21, United States Code, Sections 342(a)(2)(c)(ii) and 360b(a), in that the Chinese roasted eel contained the unsafe new animal drug, Malachite Green, in violation of Title 21, United States Code, Sections 331(a), 333(a)(1), 342(a)(2)C)(ii), and 360b(a).

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 982(a)(2)(B) and 545]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 545, and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in Counts One and Two of this Information.

2. Defendant, if so convicted, shall forfeit to the United States, all of the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from any proceeds obtained, directly or indirectly, as a result of such offense;

(b) Any and all merchandise introduced into the United Stets in violation of Title 18, United States Code, Section 545, or the value thereof; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982(a)(7)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, Fed. R. Crim. P., notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(7), in the event of defendant's conviction of the offense set forth in Count Two of this Information.

2. Defendant, if so convicted, shall forfeit to the United States all of the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived, directly or indirectly, from the gross proceeds traceable to the commission of the offense of conviction; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as a result of any act or omission of defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been

//

//

transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA
United States Attorney

*/s/ Mack E. Jenkins*

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

MARK A. WILLIAMS
Assistant United States Attorney
Chief, Environmental and
Community Safety Crimes Section

DENNIS MITCHELL
Assistant United States Attorney
Deputy Chief, Environmental and
Community Safety Crimes Section

AMANDA M. BETTINELLI
Assistant United States Attorneys
Environmental and Community
Safety Crimes Section